# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Abstract of PENDING CASES

**EXPLANATION.** The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abbreviations, See Ternary Digest, page XII.

### No. 897
### PAYNE v. REYNOLDS
No. 20006.  Supreme Court

On motion to certify.  Dock. July 24, 1926; 4 Abs. 525.

**997.  REAL ESTATE**—Can sale of public square by county commissioners, under 2447 GC., be set aside at instance of abutting owners?

Involves the question whether a sale of real estate consisting of a public square, by commissioners, under authority of 2447 GC. as properly no longer needed by county, can be set aside at the instance of owners of property abutting public square, claiming a right or easement therein.

Attorneys—Corn & Jenkins; Irish & Rully; Andrews & Edwards for Payne; Johnson & Jones for Reynolds; all of Ironton.

### No. 898
### COOK v. LASCOLA
No. 20009.  Supreme Court

On motion to certify.  Dock. July 27, 1926; 4 Abs. 525.

**751a.  MASTER COMMISSIONER** — Can Common Pleas appoint a master commissioner under 11490 GC. for the construction of an order of the court, although no pleadings were filed or issues joined?

Cook contends in the Supreme Court that under 11490 GC. the Common Pleas Court may refer to special master commissioner for construction of an order of court although no pleadings were filed or issues joined.

Attorneys—Nicholson & Nicholson for Cook; W. R. Stewart and J. M. Modarelli for Lascola; all of Youngstown.

### No. 899
### EDMONDSON v. WEISS
No. 20010.  Supreme Court

On motion to certify.  Dock. July 27, 1926; 4 Abs. 525.

**707.  LEASES**—Is default judgment against an assignee of a lessee good against, a purchaser of said lease from assignee who was in possession and not made party to suit?

Edmondson contends in the Supreme Court that a default judgment against a lessee's assignee, avoiding a lease is binding on purchaser of lease from assignee, who was in possession of property at the time of suit and was not made a party thereto.

Attorneys—A. H. Martin for Edmondson; D. P. Perris for Weiss; both of Cleveland.

### No. 900
### BROWN v. SO. BANK CO.
No. 20011.  Supreme Court

On motion to certify.  Dock. July 27, 1926; 4 Abs. 525.

**323.  COURTS**—Can probate court under its power to settle estates settle ownership of stock and can Common Pleas on appeal determine the same question?

The questions herein involved are concerning the powers of courts.

1.  Where in a settlement of an estate the question arose as to ownership of stock in decedent's possession at death, the probate court under its power to settle an estate can pass upon such question.

2.  The power of the Common Pleas Court upon appeal to determine such question.

Attorneys—J. C. Healy for Brown; M. McAvoy and A. P. Foster for Bank; all of Cincinnati.

### No. 901
### BEELER v. PONTING
No. 20012.  Supreme Court

On motion to certify.  Dock. July 27, 1926; 4 Abs. 525.

**1177.  TORTS**—Does the discharge of a firearm come within the doctrine of res ipsa loquitur when the discharge causes personal injury?

This action was filed originally in the Cuyahoga Common Pleas by Rudolph Beeler against Harry C. Ponting for damages resulting from