## SCHLINDLER, Exrx v SCHLINDLER et

Ohio Appeals, 5th Dist, Richland Co

No 466.  Decided January, 1935

Culp & Rust, Mansfield, for plaintiff in error.

A. S. Beach, Mansfield, for defendant in error.

**OPINION**

By LEMERT, J.

The court below granted such order and error is now prosecuted to this court to reverse such order and finding. We gather from the record that the will of Clinton Schlindler was probated on May 15, 1931. The new probate law became effective on January 1, 1932. The old law, §10746 GC on limitation of action would prevail. Said section reads as follows:

"Limitation of Commencement of Actions—No executor or administrator shall be held to answer to the suit of any creditor of the deceased unless it be commenced within eighteen months from the time of his giving bond, except as hereinafter provided. A creditor whose cause of action accrues after the expiration of eighteen months from the time the executor gave bond according to law, and before such estate is fully administered may begin and prosecute such action within six months after the accruing of such cause and before the estate is fully administered. No cause of action against an executor or administrator shall be barred, by lapse of time, until the expiration of six months from the time it accrues."

On March 1, 1933, the time of discovery of the mistake of the issuing of the note and mortgage, the statute of limitations barred such claim, and the time elapsed had been more than twenty months.

On examination of the pleadings in this case, we find that no answer was filed in the court below and no issue of fact was made by the pleadings and one to avail themselves of the statute on limitations, they must plead it. It is an affirmative defense and must be pleaded.

The plaintiff below sought to avail himself of the new law for the reinstatement of barred claims, §10509-134 GC, which is as follows:

"Reinstatement of barred claims—Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not charge-able with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not effect any payment of distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

An examination of the record before us convinces us that the mistake hereinbefore referred was a mistake that amounted to both a mistake in fact and law, and it was not such as to charge the petitioner with culpable neglect within the meaning of the statute just quoted.

We are of the opinion that the above statute controls this case and that the finding and judgment of the court below was fully warranted and that there is no error, therein. It, therefore, follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.