### McGUIRE, ESTATE OF, In Re

Ohio Probate Court, Tuscarawas Co

Decided May 8, 1937

Wilkin, Fisher & Limbach, New Philadelphia, for petitioner.

Seikel, Seikel & Seikel, Dover, for executor.

### OPINION

By LAMNECK, J.

Laura M. McGuire died testate on August 23, 1936, and thereafter on September 8, 1936, William T. Mattern was appointed

executor of her estate. On February 5, 1937, the executor filed a schedule of claims, debts and liabilities as required by law, and this schedule was approved by the court on March 1, 1937.

On April 6, 1937, the Union Hospital of Dover, Ohio, a corporation, filed an application under the provisions of §10509-134, GC alleging that it had a claim of $318.28 for hospital services rendered the deceased, and asking for an order allowing said claim and directing the executor to pay the same according to law.

The undisputed testimony offered at the hearing shows that the petitioner filed its claim with the executor on September 12, 1936, but said executor took no action thereon and did not list it in the schedule of debts, claims and liabilities. The fact that the petitioner rendered services to the deceased as claimed, and the value of such services, was not successfully contested.

It is the contention of the executor that the court should permit the petitioner to present its claim to him for allowance, leaving it to his discretion as to whether he will allow it or reject it. He further contends that the court has no jurisdiction under §10509-134, GC to direct him to pay the claim, even if the court should reinstate it.

The prayer of the petition reads as follows:

"Wherefore, petitioner prays that the court grant an order allowing said claim and directing the executor of said estate to pay the same according to law."

From this prayer, the court is asked to exercise jurisdiction to determine whether or not the claim should be allowed, and, if allowed, issue an order directing the executor to pay the same.

It is contended that the court has no such jurisdiction.

Sec 10509-134, GC, reads as follows:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing

of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

It is quite evident that the petitioner is not chargeable with culpable neglect in failing to present its claim, because the evidence shows that it was presented within the required time. It was negligent, however, in not demanding an endorsement of allowance or rejection from the executor as provided by §10609-113, GC.

The statute provides that before a claim can be reinstated the court must also be of the opinion that "justice and equity so require." In order to pass on the question of "justice and equity," a court must of necessity pass upon the merits of a claim. It would encourage litigation and not expedite the settlement of estates if a court would reinstate barred claims and did not pass upon the merits.

While the language of this section is somewhat vague, the court is of the opinion that two things should be determined by the court under this section:

First, whether or not a claimant has been guilty of culpable neglect in filing a claim;

Second, whether or not a valid claim exists.

If the court determines both questions in favor of the claimant, an order should be entered directing the executor or administrator to pay the same if such an order is asked for.

We believe this view is supported by the decision of the Court of Appeals of this district in affirming Schindler v Schindler, 50 Oh Ap 517, 2 O.O. 95, (19 Abs 63) in which the trial court reinstated a claim and directed an executrix to pay it. We do not believe that it is in conflict with Beach v Mizner, 131 Oh St 481, 6 O.O. 155, because in that case the Probate Court refused to reinstate the claim and the Supreme Court did not pass upon the powers of the Probate Court to direct an executor or administrator to pay a reinstated claim.

Even if §10509-134, GC were not broad enough to authorize such order, the prayer of the claimant's petition would invoke other jurisdiction of the court.

Sec 10501-53, GC provides that the Probate Court has jurisdiction "to direct and control the conduct * * * of executors and administrators."

Sec 12102-4, GC provides that the Probate Court can "direct the executors, administrators, trustees or fiduciaries to do or ab-

stain from doing any particular act in their fiduciary capacity."

In passing upon the jurisdiction of the Probate Court on questions arising in the settlement of estates, the Court of Appeals of Hamilton Co., in **Brown v Bank, 22 Oh Ap 324, (4 Abs 720)** made this comment on page 325: "The Probate Court, under its general powers to consider all questions necessary in the settlement of estates, had authority to pass upon the questions involved (ownership of stock)."

It will, therefore, be ordered that the claim of the Union Hospital in the sum of $318.28 be allowed as a general claim against the estate of the deceased, and that the executor, out of the assets in his hands belonging to said estate, pay the same in its proper order of priority as provided by §10509-134, GC.