## SHARTLE, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No 1609. Decided June 5, 1940

John D. Andrews, Hamilton; R. N. & N. K. Brumbaugh, Dayton, for appellants.

G. W. A. Wilmer, Middletown; Pickrel, Schaeffer & Ebeling, Dayton, for appellee.

## OPINION

By HORNBECK, PJ.

The appeal in this case has been presented as on questions of law, and the notice of appeal is directed to a judgment of October 3, 1939 and October 10, 1939, respectively. The judgment of October 3, 1939, is a dismissal of the petition of the administrators of the estate of Gustav Kaffenberger, deceased, seeking reinstatement or authority to present a claim against the estate of Charles W. Shartle, deceased. The entry of October 10, 1939, was a denial to the petitioners of the right to offer certain exhibits as evidence in the case in their behalf and to open the matter of the petition.

At the outset, we can not support a finding of prejudicial error in the action of the court in refusing to reopen the case and to permit introduction of further evidence, inasmuch as the entry recites that the contents of all the exhibits was known to counsel for the petitioners at the time of original presentation and hearing and therefore did not constitute newly discovered evidence. The right to grant to the petitioners the privilege of offering additional testimony was entirely within the discretion of the trial judge, which was not abused and with which we can not interfere.

The petition sought authority to file a claim with the executor of the estate of Charles W. Shartle, deceased, which had not been presented within the time prescribed by law under §10509-134 GC.

The petition in substance averred:

(1) That the administrators of Kaffenberger, deceased, had on December 31, 1936, recovered a judgment against the Shartle Brothers Machine Company, a corporation in the sum of $35,-984.49, with interest, in the Common Pleas Court, Butler County, Ohio, case No 37067, which case upon appeal had been affirmed by the Court of Appeals of Butler County, Ohio, in May, 1937, and that the judgment was subsisting and unsatisfied.

(2) That prior to the rendition of said judgment the Shartle Brothers Machine Company sold, assigned, transferred and conveyed all of its assets and property and received in consideration therefor the sum of $1,522,614.25, which sum had been distributed to the stockholders of said company leaving no money or assets to satisfy the judgment claim of plaintiffs.

(3) That Charles W. Shartle as the owner of 1825 shares of the stock of said corporation received and kept the sum of $1.096,645.33, which was 73% of the total amount received by the shareholders of said corporation for their interests therein; that by reason thereof plaintiffs have a good and valid claim against the estate of Charles W. Shartle, deceased, in the sum of $26,268.68, with interest and ratable share of costs incurred in securing the aforesaid judgment.

(4) That petitioners' claim against decedent upon which the judgment was rendered was unsatisfied, valid and subsisting not only at the time of distribution to the shareholders, but for a long time prior to the sale and liquidation of said corporation's assets, and while Charles W. Shartle appeared of record as a shareholder, president and director of said Machine Company and at a time when he knew or should have known of the claim of Kaffenberger, deceased, and that said sum so received by Shartle was during his lifetime and is now held by his estate subject to the payment of petitioners' judgment.

(5) Avers the death of Shartle, the appointment and qualification of his executor and that he is still so acting, and that the case No. 37067 upon which judgment was taken in the Common Pleas Court of Butler County, Ohio, was pending during the lifetime of said Charles W. Shartle, deceased, but that judgment therein did not become final until May, 1937, and that by reason thereof it was impossible for petitioners to present the claim set forth, to the executor of the Shartle estate within the time prescribed by law.

An examination of the bill of exceptions on this appeal discloses that the petition from which we have liberally quoted was offered in evidence. It was admitted in the answer of the executor of Shartle that a judgment had been taken against the Shartle Brothers Machine Company in the Court of Common Pleas of Butler County, Ohio, as averred. On behalf of the estate of Shartle certain evidence was offered. The trial judge in holding against the petitioners set forth his reasons in a written opinion which is before us, and also in the judgment entry, on this finding. The reasons assigned were that the claim which petitioners sought authority to present was identical with the claim set up in case No. 40202, Butler County Common Pleas Court, and, therefore, should not be permitted to be presented a second time, and further that petitioners had not submitted sufficient evidence to satisfy the Court that in justice and equity it should permit the instant claim to be presented for allowance.

We have held in In Re Christopher, 11 OO 256 that an application to reinstate a claim under §10509-134 GC presents two questions for determination, (1) Does justice and equity require that the claimant be permitted to present the claim to the executor? (2) Is the applicant chargeable with culpable neglect?

In this case the trial judge did not hold, nor could he have held, that the

petitioners were chargeable with culpable neglect for the obvious reason that the claim which they seek to present was not in existence within the time limit prescribed for presenting claims under §10509-112.

We are not in agreement with the conclusion that the claim sought to be presented in this case is, within contemplation of §10509-134 GC, the same as set up in the petition in case No. 40202 Butler County Common Pleas Court. It is true, as the trial judge stated in his opinon, that a recovery in any one of the three actions in Butler County would be a bar to the proceedings in the other actions. But the fact that the two prior actions, or either of them, were instituted does not of necessity constitute an election which would preclude the institution of the last suit, No. 48015, Butler County Comty Common Pleas Court. The action against the Shartle Brothers Machine Company was in tort for the conversion of the stock of Kaffenberger by the officers of the company acting in its behalf. The action against directors of the Shartle Brothers Machine Company, joining Shartle, instituted in his lifetime, was for tort against the directors as individuals in converting the stock of Kaffenberger. There was no inconsistency in instituting these separate actions because the proof may have established one or the other of the claims as set forth in the petitions to have been true. There can be but one ultimate recovery but ▮▮▮▮▮▮ this does not preclude the plaintiffs invoking any appropriate remedies not inconsistent with each other. Finally, the right upon which the plaintiffs predicate their cause of action in the last case in which the executor of Shartle is joined grows out of and did not arise until after judgment in the action against the Shartle Brothers Machine Company and after the plaintiffs had exhausted the process of the court by way of execution to make the judgment claim out of the assets of the company. The remedy invoked in the last case in Butler County is in the nature of a creditor's bill

and though probably inconsistent with the cause of action set up in case No. 40202 should not be denied to the plaintiffs if it can be established.

At all times the plaintiff has maintained that his stock had been wrongfully converted. This claim was sustained in his action against the Machine Company and it is to secure the fruits of this judgment that he seeks to subject assets of the Shartle estate in the last action, not because Shartle converted or assisted in converting the stock but because he was liable, having been a distributee of the proceeds of the stock which belonged to Kaffenberger. **Krug et v Roberts, 1 Abs 750.**

There has been no election of remedies by the mere filing of a petition against the directors of the Machine Company in the Butler County Common Pleas Court in case No. 40202. In **Frederickson v Nye, 110 Oh St 459,** 2nd syllabus, it is said,

"In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment."

Neither proposition of this syllabus essential to election has been established in this case.

The most serious question presented is whether or not the proof offered by the petitioners was so insufficient as to support the conclusion of the trial judge that justice and equity did not require an order permitting the filing of the claim.

We are of opinion that it is not a prerequisite to the granting of authority to file the claim that ▮▮▮▮▮▮ proof be made as to the merits thereof. This was the view of the trial judge. In this respect we are in conflict with the ad-

206

judication in **In Re Estate of McGuire, 24 Abs 101.** We are also in disagreement with this case in another particular, namely, that the probate court upon reinstating a claim under the provisions of §10509-134 GC has jurisdiction to order the executor or administrator to pay it out of the assets belonging to the estate in its proper order of priority, as provided by the statute.

The only effect of the reinstatement of the barred claim is to require the executor upon presentation to allow or reject it as provided by §10509-113 GC. This fact weighs heavily with us in determining the right of the petitioner to present his claim in the instant case. The petitioners in this case seek only permission to present the claim to the executor of the Shartle estate.

The action in tort in Butler County Common Pleas Court in which the executor of the estate of Shartle is a party is pending in that court. The estate cannot be closed until this litigation is concluded. So that, permission to the petitioners to present their claim to the executor in this action will not hold up the settlement of the estate; nor will its presentation prejudice the rights of any creditors whose claims have been filed within the four months period after the appointment of the executor. The only persons affected would in all probability be the distributees under the Shartle estate. If included in the money which is to be distributed is proceeds of the stock which belonged to Kaffenberger and has been wrongfully appropriated simple justice would dictate that this should be prevented.

The petitioner by offering in evidence the petition in case No. 48015, Butler County Common Pleas Court, did not thereby establish any of the controverted averments thereof. **Hocking R. R. Co. v Helber, 91 Oh St 231, State ex Copeland v State Medical Board, 107 Oh St 20.** However, the history of the litigation in Butler County, the filing of the respective suits, the judgment in the case against the Shartle Machine Company in conjunction with the offering of the petition in this case, which was before the court, all tend to make a prima facie case of good faith on the part of the petitioner in seeking authority to present the claim in question.

In Butler County in the action in case No. 48015 the petitioner was met with a demurrer predicated upon the failure to present to the executor of the estate of Shartle the claim upon which the action was based. When the same subject matter is made the basis of a request for permission of the Probate Judge in Montgomery County to present the claim to the executor of the Shartle estate the petitioners are confronted with a finding that he has already presented the claim to the executor. Of course, petitioners might adopt the theory of the Probate Judge and allege in the suit in case No. 48015 in Butler County the proper presentation of the claim as set out in case No. 40202 in said county. We are of opinion, however, that the course which the petitioners have pursued is proper and consistent with a correct interpretation of their rights and obligations as to the necessity of presenting a claim in case No. 48015 to the executor of the estate of Shartle. To do this they must first have authority of the Probate Court.

We are in accord with the 3rd proposition of the syllabus in **Home Owners' Loan Corp. v Doolittle, Admr., et 57 Oh Ap 329,**

"Equity requires the reinstatement of a claim where no injury could result to the creditors who have filed their claims in time or to others by the allowance of such a claim."

And further as therein announced that the broad discretion of the Probate Court should be exercised with view to carrying out the spirit of the statute and toward sustaining the right granted to a creditor rather than to defeat that right.

Upon a full and fair consideration of all the facts appearing in this record, it is our judgment that justice and equity clearly require that the petitioners should be authorized to present their claim to the executor of the Shartle estate and thereby to have the basis of a determination of the merit of their claim against that estate. Any other determination, in our judgment, would accomplish a denial to the petitioners of the right to pursue any appropriate remedy to establish their claim. The prayer of the petition should have been allowed. It will be so ordered. Cause reversed and remanded in accord with this opinion.

GEIGER and BARNES, JJ., concur.

### APPLICATION FOR REHEARING

No 1609. Decided July 6, 1940

BY THE COURT:

Submitted on application of J. Thomas Sebald, Executor of Charles W. Shartle, deceased, for rehearing.

We have examined the application and find no new matter therein suggested and, being of the same opinion as stated in our original decision, the application will be denied.

We have noted the request for reargument but it is not our practice to have oral presentation on applications for rehearing and we know of no sufficient reason to require a waiver of the rule in this case.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.