OPINION
Jeff Joyner is appealing from the decision of the City of Kettering Municipal Court ordering plaintiff Richard J. Harold judgment against Joyner in the amount of $2,198.06, after a bench trial. The court orally made its decision at the conclusion of the trial (Tr. 43), but followed it up by filing the following entry two days later:
 "This matter commenced with the Plaintiff's filing of a Small Claims Complaint. On motion of Defendant Personal Service Insurance Company the matter was transferred to the Court's regular docket. Answers were filed on behalf of each Defendant. On the issues joined, the matter came on for trial to the Court with the Plaintiff appearing pro se, and the Defendants represented by counsel, though neither Defendant appeared for trial.
 "The Plaintiff testified he was operating his motor vehicle on December 21, 2000 when Defendant Jeff Joyner struck Plaintiff's vehicle from behind at the intersection of State Route 48 and Social Row Road in Washington Township, Montgomery County, Ohio. Repair of damage to Plaintiff's vehicle was completed by early March, 2001 and was paid for by Defendant Personal Service, Defendant Joyner's automobile liability insurance carrier. While Plaintiff's vehicle was being repaired he incurred expenses for rental replacement vehicles (Plaintiff's Exhibits E, F, G and H). Plaintiff also incurred a medical expense for medical care (Plaintiff's Exhibit D).
 "The Defendant's [sic] did not call any witness nor introduce any exhibits. At the conclusion of Plaintiff's case in chief Defendant Personal Services' Motion to dismiss it as a party was sustained.
 "The Court finds that Defendant Joyner negligently operated his motor vehicle in failing to maintain an assured clear distance with respect to Plaintiff's vehicle, and in doing so caused damage to the Plaintiff's vehicle. The Court further finds as a result of Defendant Joyner's negligence, Plaintiff was required to rent replacement vehicles, ad seriatum, while his vehicle was undergoing repair, and Plaintiff incurred medical expense. Plaintiff's prayer in his Small Claims Complaint requested damages of $2,198.06, which sum is exceeded by the damages Plaintiff provided proof of at trial.
 "The Court grants judgment to Plaintiff Richard J. Harold and against Defendant Jeff Joyner in the sum of $2,198.06 with interest at ten per cent per annum, and costs."
Joyner presents the following assignments of error on appeal:
 "1. THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF DEFENDANT/APPELLANT BY FINDING THAT PLAINTIFF/APPELLEE SUSTAINED HIS BURDEN OF PROOF ON THE ISSUE OF LOSS OF USE BECAUSE THAT FINDING WAS NOT SUPPORTED BY LEGALLY COMPETENT AND/OR SUFFICIENT EVIDENCE PROVING THE REASONABLE AND NECESSARY TIME FOR REPAIR OF PLAINTIFF/APPELLEE'S VEHICLE.
 "2. THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF DEFENDANT/APPELLANT BY AWARDING PLAINTIFF/APPELLEE DAMAGES FOR THE LOSS OF USE OF HIS VEHICLE BASED UPON AN IMPROPERLY ADMITTED REPAIR ESTIMATE AS WELL AS IMPROPERLY ADMITTED RENTAL BILLS FOR A SUBSTITUTE VEHICLE.
 "3. THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF DEFENDANT/APPELLANT BY ALLOWING PLAINTIFF/APPELLEE TO PRESENT EVIDENCE REGARDING THE ALLEGED CAUSE OF THE DAMAGES FOR WHICH HE SOUGHT RECOVERY AFTER HE HAS EFFECTIVELY RESTED HIS CASE."
We will deal with the procedural issue, the third assignment of error, first. Joyner argues under this assignment that it was improper for the trial court to allow plaintiff Harold to testify about the automobile accident which gave rise to the costs he is suing for, after Harold stated that he had no more evidence to present. After discussing the matter, the court stated that "in the interest in justice I'm going to permit the testimony, but the objection is noted. Go ahead sir, make your comment." (Tr. 35). This court has held that "we certainly accord a judge conducting a bench trial considerable latitude on procedure and evidentiary matters." Baker v. Fickert (July 26, 1995), Miami App. No. 95-CA-21, at 16. After all, "the judge is not a mere sergeant at arms to preserve order in the courtroom. His chief function is to prevent injustice being done between the parties, and, as a coordinator, to see that justice is actually administered." King Co. v. Horton (1927),116 Ohio St. 205, 211. The trial court was commendably acting in the interest of justice when it allowed Harold, who was appearing pro se, to testify about the accident.
In support of his argument, Joyner's counsel cites our case of Estateof Shartle (1940), 34 Ohio Law Abs. 203. Unfortunately for Mr. Joyner, that authority cuts both ways. We stated in that case that "the right to grant to the petitioners the privilege of offering additional testimony was entirely within the discretion of the trial judge, which was not abused and with which we cannot interfere." Id., 203. Thus we recognize that the matter of granting additional testimony to a litigant is entirely within the sound discretion of the trial court. The third assignment of error is overruled.
In his first assignment of error, Joyner argues that plaintiff's witness, a Mr. Jerry West, who was the body shop manager of the automobile agency that repaired Harold's vehicle, was not properly qualified by Harold as an expert per Evid.R. 702. Joyner also complains that Harold did not lay a proper foundation with the admissibility of Mr. West's opinion in violation of Evid.R. 703. It has been held that "in all proceedings involving matters of a scientific, mechanical, professional or other like nature, requiring a special study, experience or observation not within the common knowledge of laymen, expert opinion testimony is admissible to aid the court or the jury in arriving at a correct determination of the litigated." McKay Machine Co. v. Rodman
(1967), 11 Ohio St.2d 77, 40 O.O.2d 87, first syllabus. We believe the trial court was acting in its discretion in allowing the testimony of Mr. West as to the mechanical matters of the repair of Harold's car, including his testimony that eleven weeks was a reasonable amount of time for the repairs to be made. (Tr. 17). The first assignment of error is overruled.
In his second assignment of error, Joyner complains that Harold's exhibit of car rental receipts and the repair estimate were improperly admitted by the trial court because Harold failed to lay a foundation for their admissibility. In Ohio, an owner of either real or personal property is competent to testify as to the market value of the property.Smith v. Padgett (1987), 32 Ohio St.3d 344, 347. By the same token, we see no reason why a litigant cannot testify, with the help of exhibits, as to expenses he has incurred. In admitting the exhibits, the court stated:
 "COURT: The Court's going to admit Exhibits A through H. Specifically addressing the objections, Exhibit C, in and of itself, is relevant only as to the extent of damage of the motor vehicle, as viewed by a representative of the Defendant. Which would give some credibility or corroboration to the testimony of Mr. West as to the extent of damage and the amount of time it took to repair. Exhibits E, F, G H deal with the rental of a motor vehicle all which took time during the time frame the plaintiff's vehicle was inoperable due to the fact that it was being repaired at that time, the Court finds that those are relevant, and admits the same." Tr. 40.
The second assignment of error is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.