# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## OPINIONS

### No. 763
### KNOLL v. STATE
Ohio ·Appeals, 2d District, Darke County
No. 183.  Decided May 9, 1923

**82.  CHARGE TO JURY.**

Charge must be considered as a whole, and when so considered should not be misleading—Accused not entitled to a transcript of the evidence of prosecuting witness.

BY THE COURT.

Epitomized Opinion

Knoll was charged, tried and convicted of grand larceny.  Charge of the court in reference to the defence of an alibi is assigned an error.  The court in one part of his charge said that the evidence must be such as to render it impossible that the prisoner could have committed the act.  But in another paprt it said that it is sufficient if all the evidence in the case raises a reasonable doubt of his presence.  Knoll also complained because he was not furnished with a transcript of the prosecuting witness.  In affirming the judgment, the Court of Appeals held:

1. "When the entire charge upon this subject is considered as a whole, we do not think the charge could be misleading."

2. "We think under the decision of the Supreme Court in case of State v. Rhoades, 81 OS. 397, that the plaintiff in error was not entitled to a transcript of such evidence."

Attorneys—M. B. Trainer, for Knoll; O. J. Myers, for State.

### No. 764
### KRUG et al v. ROBERTS
Ohio Appeals, 2nd District, Montgomery County
No. 530.  Decided June 21, 1923

**115.  CORPORATIONS.**

Where a corporation is dissolved and its assets distributed to stockholders, a judgment tort creditor may reach funds in their hands—This is an equitable action and not triable to a jury.

ALLREAD, J.

Epitomized Opinion

Roberts recovered judgment against Krug Baking Co., a Delaware corporation, for personal injuries.  After the injuries were received but before judgment, the Delaware corporation sold its assets and business to an Ohio corporation of a similar name and thereupon the Delaware corporation closed its business, paid all its debts and liabilities other than to Roberts, and distributed its assets to its various stockholders.  This action was brought against stockholders to sequester enough of the funds received by them to satisfy this judgment, and a jury trial was demanded.  Krug et al contended that a liability for a tort is not a debt until reduced to judgment so as to affect a conveyance made before juudgment.  The Court of Appeals held:

1. "We are of opinion that the case made by the pleadings here is in chancery and not triable as a matter of right to a jury.  It is unlike a case upon a contract of a subscription to capital stock."

2. "Upon the dissolution of a corporation and the distribution of its funds to stockholders, such stockholders are not purchasers but receive the funds in trust for unpaid creditors, and such creditors would include not only ordinary debtors, but all those holding liabilities which may exist against the Company.  Plaintiff's action in tort was clearly a liability, capable of being enforced after judgment in an equitable action against the stockholders to the extent of receipts by them from the dissolved corporation."

Attorneys—W. S. Rhotehamel and I. L. Jacobson, for Krug et al; J. Dineen, for Roberts.

### No. 765
### DULL v. AM. PHONE & TELEGRAPH CO.
Ohio Appeals, 2nd District, Darke County
No. 181.  Decided June 29, 1923

**166.  ERROR.**

If verdict might stand on two or more issues and there is no error as to one issue, errors as to other issues are immaterial.

**172.  EVIDENCE.**

Where it is evident jury did not reach question of damages, the rejection of testimony, going only to mitigation, was immaterial.

BY THE COURT.

Epitomized Opinion

Dull sued Company to recover damages for an injury to himself and his automobile resulting from a collision with the Company's truck, which was standing across the roadway.  Jury rendered verdict for defendant.  Dull's former wife was allowed to testify in mitigation of damages.  This is assigned as error.  In affirming the judgment, the Court of Appeals held:

1. "As to the competency of Olive Dull, the former wife of plaintiff, we are of opinion that under the rule laid down in Westerman v. Westerman, 25 OS. 500, a proper foundation was not laid for the rejection of said testimony.  As the jury returned a complete verdict in favor of the deefndant, it sufficiently appears that the jury did not reach the question of the amount of damage, and her evidence would go only to mitigation of damages."

2. "Besides, it has been held that where there are two or more issues upon which the verdict might stand and as to one of which there was no error, the court will hold errors in relation to the other issues immaterial."  60 OS. 69.

Attorneys—M. B. Trainer, for Dull; Mannix, Crawford & Billingsley, contra.