**HARRISON, Plaintiff, v. SCANLON, Admr., Defendants.**

Common Pleas Court, Hamilton County.

No. A-156727.   Decided January 6, 1958.

Phillip R. Finkelmeier, for plaintiff.
Myron S. Rudd, for defendant.

### OPINION

By LEIS, J.:

This action is presently before the Court on a motion to dismiss filed by the Administrator of the Bureau of Workmen's Compensation.

Plaintiff Harrison was injured in the course of his employment on April 22, 1949. A claim for workmen's compensation was filed by Harrison on May 19, 1949, and this claim was allowed. Thereafter, on June 18, 1956, plaintiff filed application for additional compensation as a result of the prior injury sustained on April 22, 1949. The Deputy Administrator and the Regional Board of Review both disallowed this sup-

plemental claim on the grounds that the application was not filed within two years of the date of injury. (Sec. 4123.84 R. C.) The order of the Regional Board of Review was mailed to the plaintiff on October 30, 1956. No appeal was taken from the decision of the Regional Board of Review to the Industrial Commission. On December 28, 1956, within the statutory limit set forth in §4123.519 R. C., plaintiff filed this instant action in the Court of Common Pleas as an appeal from the decision of the Regional Board of Review.

With the merits of the ruling of the Regional Board of Review we are not now concerned. Defendant's motion to dismiss raises but one single issue to be determined by the Court: May the claimant-plaintiff appeal directly to the Court of Common Pleas from the adverse ruling of the Regional Board of Review without first taking an appeal to the Industrial Commission?

Counsel for plaintiff would answer this in the affirmative, citing §4121.121 (I) R. C., that * * *the acts of a Regional Board of Review are acts of the Commission * * *. Counsel for defendant Administrator contends that an appeal to the Industrial Commission is a condition precedent to the bringing of such an action in the Court of Common Pleas unless plaintiff brings himself within the specific exception of §4123.519 R. C., allowing a direct appeal when the Commission refuses to permit an appeal to itself, and further contends that such a situation does not exist here.

Counsel for defendant raises a most serious question, one which is aimed directly at the heart of the Court's jurisdiction, for if the direct appeal taken by plaintiff is invalid no jurisdiction vests within this court and the proceedings would be utterly void.[1] The rights conferred under workmen's compensation are purely statutory, in nature, and there must be complete compliance with these statutes before a court can hear and determine the cause and grant the relief prayed for.

It is well to examine the purposes of workmen's compensation and the circumstances surrounding this labor legislation. Art. II, Section 35, Ohio Constitution, specifically authorizes the passing of laws establishing a state fund to be created by compulsory contribution by employers, administered by the State, determining the terms and conditions upon which payment shall be made for the purpose of providing compensation to workmen and their dependents for death, injuries, or occupational disease, occasioned in the course of such workmen's employment. This constitutional provision became effective in 1924, its predecessor being a constitutional amendment adopted in 1912.

As can be seen from the effective date of this constitutional provision,

---

1. See Ind. Comm. v. Ramsey, 119 O. S. 497, and Ind. Comm. v. Weigand, 128 O. S. 463. Neither case is determinative of the issue here; however, they both discuss the fact that the jurisdiction of the court of common Pleas over claims upon the workmen's compensation fund is wholly statutory. Counsel for defendant relies on the Ramsey case as authority for his position, but the Ramsey case was decided under the old law and is not applicable here.

workmen's compensation legislation is of fairly recent origin. The first workmen's compensation law in Ohio was enacted June 15, 1911. (Industrial Commission v. Brown, 92 Oh St 309.) Since that time the scope of workmen's compensation has been broadened, and the statutes with which we are concerned here were made effective in October 1955.

28 R. C. L. 712, et seq., contains a discussion of the nature, purpose and scope of workmen's compensation statutes. A more specific discussion can be found in 42 O. Jur. 572, et seq., which embraces the definition, purpose and history of workmen's compensation. Section 1 at page 572 reads in part:

" 'Workmen's compensation' is a term applied to a plan or system, of comparatively recent origin and development, for providing compensation for loss resulting from the disablement or death of workmen through industrial accident, casualty, or disease, the distinctive features of which are (1) that the right to compensation is based generally upon the relation of the injury or disease to the employment, regardless of any element of negligence, and (2) is determined in the first instance by an administrative board by a summary method of procedure, (3) in accordance with a definite schedule based upon the nature, extent, and consequences of the injury, and the workman's wages. Workmen's compensation legislation is distinguished from another class of legislation generally known as the 'employers' liability' statutes, which, while broadening and extending the employee's rights with respect to the recovery of compensation for injuries, still leave the right of recovery dependent upon the fault of the employer.

"The Workmen's Compensation Act of Ohio was originally enacted in 1911, following the submission of a report by a special commission appointed by the governor pursuant to legislative authority. This report was prepared after an exhaustive research into industrial conditions in many countries and an examination of laws enacted for the purpose of securing an improvement in such conditions. The conclusions of the commission were, briefly and substantially, that the common-law system of dealing with accidents in industrial pursuits was wholly unsound, that there was an intelligent and widespread public sentiment for its modification and improvement, and that such modification and improvement were required for the public welfare; that there was enormous waste under the existing system; that the action for personal injuries by employee against employer no longer furnished a real and practical remedy; that it annoyed and harassed both and did not meet the economic and social problems arising out of modern industrialism. It was said of the original enactment that it was an effort to answer in some degree the requirements of conditions which have been produced in an age of invention and momentous change. The purpose of the law is to require as a matter of justice that injuries to workmen sustained in the course of their employment shall be regarded as a charge upon the business in which they are engaged, that compensation be made therefor, and to provide a speedy and inexpensive remedy as a substitute for previous unsatisfactory methods."

With this background in mind, the Court turns to consider now the

propriety of the direct appeal from the regional board of review to the court of common pleas.

Sec. 4123.519 R. C., allows an appeal from the industrial commission to the court of common pleas and further states that "* * * like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission." Such a condition that the commission has refused to permit an appeal does not exist here.

Sec. 4121.121 (I) R. C., reads that—

"* * * the acts of a regional board of review are acts of the commission unless modified to set aside under the provision of **Chapter 4123 R. C.**"

Does any section in **Chapter 4123 R. C.**, modify or set aside §4121.121 **(I) R. C.?** The Court has examined **Chapter 4123 R. C.**, and finds no section which categorically modifies or sets aside this provision. Nor does the Court believe that any section impliedly abates this section so as to nullify the provision that says the acts of the regional board of review are the acts of the commission.

Indeed, the second last paragraph of §4125.516 R. C., says:

"The decision of a regional board of review shall be the decision of the commission unless the commission upon application of the administrator, the claimant or the employer, made within twenty days after the date of mailing of the decision of the regional board of review allows an appeal to the commission."

This section strengthens the position that the legislature intended to allow a direct appeal to the court of common pleas from the regional board of review. In interpreting these statutes our prime object is to reach the intent of the legislature. 37 **O. Jur.** 480.

"It is established that the act (Workmen's Compensation), in view of its remedial character is to be construed liberally." See 42 **O. Jur.** 578, and cases cited thereunder.

Since §4123.519 R. C., allows an appeal to the court of common pleas from a decision of the Industrial Commission, and since §4121.121 **(I) R. C.,** states that the act of the regional board of review is the act of the industrial commission, the claimant may appeal directly from the ruling of the regional board of review.

The Court believes that a direct appeal from an adverse ruling of the regional board of review to the court of common pleas, by-passing the additional appellate step to the industrial commission, is proper and was within the contemplation of the legislature in enacting these measures. Such a ruling by this Court is in harmony with the intent and spirit of the Workmen's Compensation Act.

**Industrial Commission v. Flynn, 129 Oh St 220 at page 226.**

Defendant's motion to dismiss is overruled.

Please present your entry accordingly.