34

(No. A-247783—Decided October 18, 1971.)

Common Pleas Court of Hamilton County.

*Messrs. Cunningham, Cunningham & Heile* and *Mr. Pierce E. Cunningham*, for plaintiff.
*Messrs. Steer, Strauss, White & Tobias* and *Mr. Theodore K. High*, for defendant.

Keefe, J. Plaintiff and defendant on June 6, 1969, were co-employees at a plant in Norwood, Ohio, now known as General Motors Assembly Division. It formerly was Fisher Body, Norwood Division. Plaintiff was a welder and defendant a foreman.

In plaintiff's complaint it is alleged that he was the victim of an intentional tort committed by the defendant and he seeks compensatory and punitive damages. Defendant denies liability for a number of reasons, one of which is that the plaintiff is prohibited as a matter of law from recovering because the parties were fellow employees at the time of the injury. Defendant contends that as a

result of R. C. 4123.741, the plaintiff is barred from recovery in this case.

R. C. 4123.741: "No employee of any employer, as defined in division (B) of R. C. 4123.01, shall be liable to respond in damages at common law or by statute for *any injury* or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under R. C. 4123.01 to 4123.94, inclusive." (Emphasis added.)

This case was tried without a jury.

What happened on June 6, 1969, was this. The plaintiff and defendant were acting within the course and scope of their employment with General Motors. While plaintiff was seated on a tool cabinet the top of which was approximately 30 inches from the floor, the defendant grabbed one or two or the legs of the cabinet and flipped the plaintiff to the concrete floor aggravating an earlier back injury. There is, not surprisingly, conflict in the testimony as to whether the defendant acted intentionally or whether plaintiff feigned the fall. My finding is that the defendant's act was an intentional one. He intended by force to remove plaintiff from the top of the tool box upon which plaintiff was seated. For several days prior to the incident plaintiff and defendant engaged in a running controversy about the quality of plaintiff's work and the amount of time he was spending seated in connection therewith.

R. C. 4123.741 used the language "on the condition that such injury * * * is found to be compensable * * *."

After the incident on June 6, 1969, plaintiff claimed compensation from the Ohio Bureau of Workmen's Compensation. His claim was allowed and he was, in fact, compensated pursuant to the Bureau's order. The plaintiff having actually been compensated there can be no question but that his injury was "compensable" as required.

There is an especially appropriate annotation in 21

A. L. R. 3d 845, entitled "Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation." Paragraph 11, "Intentional Torts," contains the following language:

"Although many of the statutes granting a fellow employee immunity from suit specifically except cases where the injury was the result of an intentional tort, or, in some cases, of intoxication, others do not provide for any such exception, and a few courts have been called upon to decide whether a fellow employee is subject to civil suit under such a statute where he, for example, assaulted the plaintiff while both were in the course of their employment."

In cases to which the annotation refers courts throughout the country have arrived at different conclusions, based largely upon their construction of the specific language of statutes with which they were dealing.

Counsel for the parties believe that this case is one of first impression and that R. C. 4123.741 has not yet been judicially construed. Defendant's act amounted to an intentional tort. It was found to be compensable by the Bureau of Workmen's Compensation. The language of R. C. 4123.741 providing as it does that no employee shall be liable to respond in damages at common law or by statute for *any* injury prevents recovery by plaintiff against the defendant. "Any injury" must be held to mean what it explicitly specifies and those words do not except injuries resulting from intentional acts. Perhaps the Ohio Legislature should not give protection from suit for a deliberate and intentional act, but the present law (R. C. 4123.741), makes no exceptions for intentional torts.

"The Workmen's Compensation Law of Ohio is a salutary measure enacted for the protection of those unfortunate enough to suffer injuries in the course of and arising out of their employment. *The rights conferred are purely statutory*; they rest, not upon the principles of the common law, but upon the grant of legislative authority, and are only such as may be conferred by the Workmen's

Compensation Act." 58 Ohio Jurisprudence 2d, Workmen's Compensation, par. 4. (Emphasis added.)

Attention is called to the California case of *Breceda v. Gamsby*, 72 Cal. Rptr. 832. The plaintiff brought an action against the defendants for injuries sustained in the course of employment. The plaintiff ultimately prevailed because of a provision in California's code which preserves the right of an injured employee to bring an action against a fellow employee if the act of the latter "evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury * * * to such employee." No such exception exists in Ohio R. C. 4123.741.

In *Rothfuss v. Bakers Mutual Insurance Company of New York*, 257 A. 2d 733, at page 736, the Superior Court of New Jersey, Appellate Division, includes in its opinion a paragraph from the New Jersey Workmen's Compensation Act which provides:

"If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, *except for intentional wrong*." (Emphasis added.)

The New Jersey Court then goes on to decide that:

"This exception does nothing more than give fellow employees immunity for their negligent acts committed on each other in the course of their employment, unless intentionally committed."

*Williams v. Smith*, 435 S. W. 2d 808, decided by the Supreme Court of Tennessee, was a common law action by an employee for injuries sustained as the result of an alleged assault by a co-employee. The Supreme Court held that the Workmen's Compensation Act of Tennessee did not bar the action against the co-employee. First, there is no indication in *Williams v. Smith* that the Tennessee Workmen's Compensation Law is as comprehensive as Ohio R. C. 4123.741 with respect to fellow employees' immunity from suit.

Furthermore, in the Tennessee case there is absent any certain indication that the plaintiff had already been compensated under that state's Workmen's Compensation Act; in fact from the language of the opinion it would seem that the plaintiff had elected to proceed with a common law action instead of under the Act. In the instant matter, prior to trial, plaintiff had recovered from the Ohio Bureau of Workmen's Compensation and had received compensation for temporary total disability and medical bills resulting from the June 6, 1969, occurrence. The trial record reflects no specific amounts of compensation paid to plaintiff because I rejected such evidence as being irrelevant to the issues in this suit. In *Williams* v. *Smith*, it may well have made a difference to the Tennessee Supreme Court if the plaintiff had already been compensated as is the fact here. .

Plaintiff's recovery is barred by R. C. 4123.731.

This opinion constitutes the court's findings of fact and conclusions of law.

Judgment for defendant. .