KESSELRING FORD, INC., APPELLANT, *v.*
CANN, EXRX., APPELLEE.

(No. 848—Decided April 9, 1980.)

*Messrs. Wood, Lamping, Slutz & Reckman* and *Mr. Jeffrey M. Rollman,* for appellant.

*Messrs. Durkee & Erhardt* and *Mr. Chris Erhardt,* for appellee.

*Per Curiam.* The instant appeal derives from an order dismissing a complaint in the Court of Common Pleas of Clermont County for failure to state a claim upon which relief could be granted, pursuant to Civ. R. 12(B)(6). The complaint was filed on July 3, 1978, by the appellant, Kesselring Ford,

Inc., and named the appellee, Dorothea Sara Cann, in her capacity as executrix of the estate of her husband, one Paul Cann, as the sole defendant. It alleged that the estate of Paul Cann had received 31 percent of the distributable assets of a business enterprise known as Cann Ford, Inc., upon that corporation's voluntary dissolution on December 16, 1976, after it had transferred its tangible business assets to the appellant pursuant to the terms of a buy-sell agreement entered into on November 23, 1976.[1] Under the buy-sell agreement, the purchase price of the assets was subject to future adjustment to account for any fluctuation in the amount of business inventory on hand between the date of the agreement and the date on which the assets were actually transferred to the appellant.

The complaint further alleged that the appellant had discovered a decrease in business inventory within the time period designated in the agreement after the sale had been consummated and Cann Ford, Inc., had been dissolved. Such diminution, according to the appellant, resulted in an overpayment of $19,577.87 in the purchase price, as computed by the formula set forth in the agreement. Accordingly, the appellant sought recovery from Paul Cann's estate as a recipient of the corporation's distributable assets in an amount proportionate to Paul Cann's previous ownership interest in Cann Ford, Inc.

The appellee responded to the complaint by filing motions to dismiss pursuant to Civ. R. 12(B)(6) and (7) on the grounds that the appellant had failed to state a claim upon which relief could be granted and that it had further failed to join a necessary party pursuant to Civ. R. 19. After entertaining written arguments on the motions, the court below dismissed the action for failure to state a claim, without addressing the question of joinder.

In its singular assignment, the appellant asserts that the court below erred by granting the appellee's motion to dismiss, reasoning that the complaint, when construed most strongly in its favor, stated a cause of action against the appellee upon which relief could have been granted.

We agree.

As the appellant suggests, it is now settled law in Ohio that a civil complaint is not to be dismissed on the ground that

[1] The remaining assets were apparently distributed to two other shareholders in the closely held corporation, Lyle Cann and Alvin M. Lewis.

it fails to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 (following *Conley* v. *Gibson* [1957], 355 U. S. 41).

Applying this standard to the complaint filed by the appellant in the instant cause, we cannot say that there exists no set of facts upon which it could recover from the appellee as the distributee of assets from a voluntary corporate dissolution upon a claim accruing originally against the dissolved corporation, itself. It is beyond cavil that the assets of a dissolved corporation are regarded as a trust fund from which claims against the corporation must be satisfied. It is further true that such claims against the corporate assets may be pursued against former shareholders to the extent of the assets actually distributed to them. See, generally, 13 Ohio Jurisprudence 2d 423, 424, Corporations, Section 934. See, also, *Leyman Corp.* v. *Piggly-Wiggly Corp.* (1951), 90 Ohio App. 506; *Krug* v. *Roberts* (1923), 1 Ohio Law Abs. 750.

Having thus resolved the issue under Civ. R. 12(B)(6), we must now confront the issue of joinder, which in our minds should have been the preeminent concern of the judge below when ruling upon the appellee's motions. In light of the allegations contained within the appellant's complaint, it is clear that it was attempting to pursue a recovery for an unliquidated claim accruing, originally, against Cann Ford, Inc., from only one of the corporation's former shareholder-distributees. Under such circumstances, it is our view that both the corporation[2] and the other shareholders[3] were needed parties for a just adjudication of the matter in dispute. Such being the case, they should have been joined pursuant to Civ. R. 19(A)[4] by

---

[2] A voluntarily dissolved corporation is subject to a civil action under the terms set forth in R. C. 1701.88(B), which reads, in relevant part, as follows:

"Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment* * *."

[3] The appellant asserted in argument before this court that the other shareholders paid their proportionate shares of the claim against the dissolved corporation, and were thus given discharges. Such assertions, however, are not borne out on the state of the record before us. If they are, in fact, true, it may not be necessary for the court below to join the other shareholders in the action on remand.

[4] Civ. R. 19(A) reads, in relevant part, as follows:

"A person who is subject to service of process shall be joined as a party in the ac-

order of the court below upon the appellee's assertion of the defense of failure to join a party under Civ. R. 12(B)(7).

Viewed in its proper light as a matter of joinder under Civ. R. 19(A), the action, therefore, should not have been dismissed by the judge below. For this reason, the appellant's singular assignment of error is well taken.

The judgment of the Court of Common Pleas of Clermont County is reversed and the instant cause is remanded for further proceedings in accordance with the terms of our decision.

*Judgment reversed*
*and cause remanded.*

BETTMAN, P. J., SHANNON and BLACK, JJ., concur.

---

tion if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).***"