THE STATE, EX REL. BUSH ET AL., APPELLANTS, *v.* SPURLOCK ET AL., APPELLEES.

[Cite as State, ex rel. Bush, *v.* Spurlock (1989), 42 Ohio St. 3d 77.]

(No. 88-22—Submitted February 8, 1989—Decided April 19, 1989.)

78

*Wood & Lamping* and *Paul R. Berninger,* for appellees.

*Per Curiam.* The court of appeals dismissed this complaint on appellees' motion filed pursuant to Civ. R. 12(B)(1) (lack of subject matter jurisdiction), (B)(6) (failure to state a claim), and (B)(7) (failure to join a necessary party). The court's entry, however, does not provide any rationale for this decision beyond the conclusion that the motion was "well taken." Thus, before this court, appellants basically maintain that their complaint stated a cognizable claim in mandamus and that nothing in appellees' motion warranted summary dismissal of their claim.

In response, appellees argue, as they did below, that appellants cannot prevail as a matter of law. Specifically, appellees claim that they have no duty to pay the wages and benefits sought because: (1) mandamus lies only when a salary is set by statute or ordinance, and appellants' salaries were not so set; (2) mandamus lies only when damages have been liquidated or stipulated, and appellants' damages were not liquidated or stipulated; (3) mandamus lies only when an employee's reinstatement has already been ordered, or when both reinstatement and back pay are requested in the mandamus action, neither of which is the case here; (4) mandamus will not lie to decide the degree to which each of two responsible public entities (here, the board and, supposedly, the NCSC) is to be held liable for a particular job action; and (5) mandamus will not lie where an adequate remedy in the ordinary course of law exists.

As appellees correctly state, however, the court of appeals did not grant summary judgment in their favor; it granted their Civ. R. 12 motion to dismiss. Thus, their arguments

*Gurley, Rishel, Myers & Kopech* and *David E. Northrop,* for appellants.

miss the mark. None of them relates to the lower court's jurisdiction to hear this case, the sufficiency of appellants' complaint, or the reason why the NCSC was so indispensable that dismissal was required. Accordingly, the dispositive questions in this case involve whether the complaint was sufficient to withstand challenges under Civ. R. 12(B)(1), (6) and (7).

The standard of review for a dismissal pursuant to Civ. R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Avco Financial Services Loan, Inc.* v. *Hale* (1987), 36 Ohio App. 3d 65, 67, 520 N.E. 2d 1378, 1380, citing *Steffen* v. *General Tel. Co.* (1978), 60 Ohio App. 2d 144, 14 O.O. 3d 111, 395 N.E. 2d 1346. Under Section 3, Article IV of the Ohio Constitution, a court of appeals has original jurisdiction in mandamus. Moreover, "[a]n action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount is established with certainty." *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, 61 O.O. 2d 425, 291 N.E. 2d 462, syllabus.

In this mandamus action, appellants have alleged that they were wrongfully excluded from public employment and have further alleged the specific monetary losses that resulted therefrom. *Monaghan* recognizes the actionability of such a claim in mandamus, and the Ohio Constitution affords original jurisdiction for such action. Thus, the court of appeals erred if it dismissed this complaint for lack of subject matter jurisdiction under Civ. R. 12(B)(1).

A Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted will only be granted where the party opposing the motion is unable to prove any set of facts that would entitle him to relief. *Korodi* v. *Minot* (1987), 40 Ohio App. 3d 1, 3, 531 N.E. 2d 318, 321. Indeed, before a court may dismiss an action under this rule, "* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus. To make this determination, the court is required to interpret all material allegations in the complaint as true and admitted. *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 102, 23 OBR 260, 262, 491 N.E. 2d 1114, 1116.

A complaint in mandamus states a claim if it alleges "the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted." *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, 224, 12 O.O. 3d 229, 230, 390 N.E. 2d 782, 785, mandamus denied in part on further appeal (1981), 67 Ohio St. 2d 260, 21 O.O. 3d 163, 423 N.E. 2d 457. In *Alford, supra,* this court reversed and remanded a case that had been dismissed by the court of appeals under Civ. R. 12(B)(6). There, unskilled laborers who had formerly been employed by a school board brought an action in mandamus against the board, its clerk-treasurer, and several civil service commissions in an effort to secure reinstatement with full back pay and seniority. We found that their complaint had stated a claim by alleging that the laborers were classified civil servants, that they were entitled to the protections of R.C. Chapter 124 (mainly, R.C. 124.34, which required the board of education to discharge employees in a specific manner), that

the laborers were unlawfully discharged due to the board's failure to comply with that chapter, and that they had no adequate remedy at law. *Id.*

Here, appellants made similar allegations in their complaint. They alleged that they were classified civil servants, that they were entitled to the protections of R.C. 124.321 *et seq.* regarding layoff procedures, that they had been unlawfully laid off or demoted by appellees because appellees had not observed those protections, and that their request for the damages specified in the complaint had been refused by appellees. The only significant difference between these allegations and those pled in *Alford* is that appellants did not specifically allege the absence of an adequate remedy at law. The reference to the appeal of the NCSC order, coupled with appellants' request for damages, however, is enough to give appellees notice of this aspect of their claim. This court has said that the failure to set forth each element of a cause of action with crystalline specificity does not subject a complaint to dismissal. *Border City S. & L. Assn.* v. *Moan* (1984), 15 Ohio St. 3d 65, 66, 15 OBR 159, 160, 472 N.E. 2d 350, 352. Thus, based on *Alford,* the court of appeals also erred to the extent it relied on Civ. R. 12(B)(6) to dismiss the action below.

Nor should appellants' complaint have been dismissed for failing to join the NCSC as a necessary party. Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ. R. 19(A) (joinder if feasible), *Kesselring Ford, Inc.* v. *Cann* (1980), 68 Ohio App. 2d 131, 133-134, 22 O.O. 3d 162, 164, 427 N.E. 2d 785, 787, or that leave to amend the complaint be granted, *Harrier* v. *Crow* (Dec. 6, 1985), Montgomery App. No. CA 8900, unreported, at 6. Moreover, Civ. R. 21 can be applied in mandamus actions and it allows parties to be added or dropped at any stage of the proceeding, as justice requires. See *Barton* v. *Shupe* (1988), 37 Ohio St. 3d 308, 309, 525 N.E. 2d 812, 813. Indeed, dismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured. 5 Wright & Miller, Federal Practice & Procedure (1969) 628, Section 1359.

Under this authority, even if the NCSC would be a necessary party to the action below, its absence alone would not justify a summary dismissal. Accordingly, we find that the court of appeals also erred if it dismissed this complaint under Civ. R. 12(B)(7).

Based on the foregoing, we conclude that the court of appeals could not have properly dismissed appellants' complaint under Civ. R. 12(B)(1), (6) or (7). Therefore, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.