OPINION
On November 10, 1999, Henry Hall, relator, filed a petition seeking writs of mandamus to compel respondents, Clerk of Court Gerald Fuerst and court reporters Barbara Polimeris and Lisa Hrovat to forward transcripts of his case, State v. Hall, C.P.
Case No. CR-319360, to him at the Mansfield Correctional Institution. Respondents have moved to dismiss the petition for failure to state a claim upon which relief may be granted. For the reasons that follow, we grant respondents motion.
A Civ.R. 12 (B) (6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought. State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 537 N.E.2d 641;O'Brien v. Univ. Tenants Union, Inc. (1975), 42 Ohio St.2d 242,327 N.E.2d 753, syllabus. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. State ex rel. Boggs v.Springfield Local School Dist. Pd. of Ed. (1995),72 Ohio St.3d 94, 647 N.E.2d 788.
Relator alleges in his complaint that the trial court granted his motion for court transcripts at state expense for appeal and postconviction purposes in August of 1996. Relator states that this order entitles him to receive the documents from respondents. In State ex rel. Forney v. Fuerste(Sept. 20, 1994), Cuyahoga App. No. 67343, unreported, this court held that in the absence of an averment in a complaint for court transcripts that the respondent has been ordered to deliver the transcripts to relator, a relator fails to set forth a clear legal duty on the part of a respondent to perform the requested act. Forney, slip op. at 2. In the case sub judice, relator has failed to set forth a clear legal duty of the respondents to forward court transcripts. The order of the trial court granting relator's motion for a transcript at state expense is not the equivalent of a ruling from the trial court ordering the clerk of court and court reporters to forward a transcript or transcripts to relator. Relator has thus failed to set forth what clear legal duty required respondents to perform the act requested.
In addition, relator has failed to support his petition with an affidavit specifying the details of his claim as required in Loc. App.R. 45 (B) (1) (a). This deficiency alone warrants dismissal.State ex rel. Dunn v. Corrigan (Nov. 19, 1999), Cuyahoga App. No. 77027, unreported.
Accordingly, respondents' motion to dismiss is granted.
Case dismissed. Costs to relator.
TERRENCE O'DONNELL, J. CONCURS.
 _________________________________ ANN DYKE, ADMINISTRATIVE JUDGE