OPINION
On November 9, 1998, appellant, Ted W. Jacobs, filed a complaint against his brother, appellee, Leon G. Jacobs, over a real estate dispute involving the two parties and their mother, Helen Jacobs. On February 16, 2000, appellee filed a motion to dismiss for failure to join a necessary party namely, Helen Jacobs. By judgment entry filed May 9, 2000, the trial court granted said motion and dismissed the complaint. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO ADD A NECESSARY PARTY INSTEAD OF ORDERING THE PARTY ADDED TO THE INSTANT CASE.
 I
Appellant claims the trial court erred in dismissing his complaint for failure to join a necessary party. We agree. The parties do not dispute that Helen Jacobs was a necessary party and appellant does not argue that appellee's motion was untimely pursuant Civ.R. 12(H)(2). In State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77,81, the Supreme Court of Ohio held the following: Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible), Kesselring Ford, Inc. v. Cann (1980), 68 Ohio App.2d 131,133-134, 22 O.O.3d 162, 164, 427 N.E.2d 785, 787, or that leave to amend the complaint be granted, Harrier v. Crow (Dec. 6, 1985), Montgomery App. No. CA8900, unreported. * * * Indeed, dismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured. 5 Wright Miller, Federal Practice Procedure (1969) 628, Section 1359.
The matter was easily remedied as noted by the trial court in its judgment entry of May 9, 2000: On the date of the assigned Final Pre-Trial, March 6, 2000, a discussion of the above issues was held with the Court and counsel in chambers. The counsel agreed that Helen Jacobs needed to be added as a party before the Court can properly proceed. The Court indicated it would be appointing a Guardian Ad Litem and attorney to represent Mrs. Jacobs' interests. The Plaintiff was given two options: either dismiss voluntarily, without prejudice, or the Court would enter a Dismissal for Failure to Join Indispensable Party. The Plaintiff would then re-file, and the Court indicated to counsel the new case would be given scheduling priority, and would be heard before the end of 2000. The Trial date of March 28, 2000 was vacated.
The Court received the Supplemental Memorandum of Plaintiff on the Dismissal for failure to join a necessary party, and a further telephone conference was conducted between the Court and counsel on April 25, 2000. The concern expressed by counsel for Plaintiff is that either form of dismissal under consideration might jeopardize the Plaintiff's ability to refile yet another action, at some time in the future, on these same facts.
The Court indicated that that potential concern is not sufficient grounds to overrule the Motion to Dismiss. This is already one of the oldest cases on the docket. The parties could or should have added the new party long before now (her interest has been well known to her sons' counsel from the outset — this is not the result of newly discovered information).
Although we understand the trial court's concern for docket control and its frustration with the issue not being addressed during the two years this matter was pending, we nonetheless find the spirit of the rules required a denial of the motion. We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189. Upon review, we find the trial court erred in dismissing the complaint. Assignment of Error I is granted. The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed.
By: FARMER, J., GWIN, P.J. and WISE, concur.