JOURNAL ENTRY AND OPINION
Michael and Sandra Stevenson appeal from a judgment of the common pleas court granting a motion to dismiss in favor of David and Cynthia Smayda. The Stevensons assign the following as error for our review:
 THE TRIAL COURT ERRED, CONTRARY TO LAW, IN GRANTING APPELLEES' MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES.
Having reviewed the record and the legal arguments of the parties, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
In the 1890s, part interest to the property at issue in this case had been conveyed to each lot owner along Lloyd Road and north of Lake Shore Boulevard in Cleveland, Ohio. The grantor retained a partial interest. Currently, due to later subdivision, seventeen lots are involved. Appellee Cynthia Smayda owns a fee simple interest in property known as the Private Pleasure Grounds, the sole access the interested parties have to Lake Erie. Her husband, David, has an interest based on his dower rights. Appellants Michael and Sandra Stevenson also own a property interest in the Private Pleasure Grounds and in October 1989, filed a complaint to quiet title. That action, however, was dismissed without prejudice in July 1994 because the parties failed to appear for a pretrial.
Subsequently, in October 1994, the Stevenson filed a complaint to partition a parcel of land adjacent to their residence, naming twenty-five defendants who had an interest in the property. Several defendants were dismissed and several failed to respond to the complaint. In November 1995, the Smaydas filed a motion to dismiss for failure to join necessary and/or indispensable parties, claiming the title report relied on contained interruptions in the chain of title and therefore, more defendants existed.
In response, the Stevensons submitted the affidavit of Jack Champlin, who conducted the title search. He stated every necessary party had been joined in the lawsuit and guaranteed the title.
Thereafter, on August 21, 2000, the trial court granted the Smaydas' motion to dismiss.
In their sole assignment of error, the Stevensons raise two issues. First, whether the Smaydas' motion to dismiss complied with the local rules, and second, whether the court correctly applied Civ.R. 19.
The Stevensons assert the Smaydas' motion to dismiss failed to comply with Local Rule 11(B) because it had not been supported by evidentiary material.
Local Rule 11(B) provides:
 The moving party shall serve and file with the motion a brief written statement of reasons in support of the motion and a list of citations of the authorities. If the motion requires consideration of facts not appearing of record, the movant shall serve and file copies of all affidavits, depositions, photographs or documentary evidence which the movant desires to submit in support of the motion.
In State, ex rel. Scalon v. Deters (1989), 45 Ohio St.3d 376, the court stated a court's consideration of matters outside the pleadings to decide a motion to dismiss is permissible only if the court treats the motion as one for summary judgment.
In this case, the motion to dismiss had been made pursuant to Civ.R. 12(B)(7), failure to join a party under Civ.R. 19 or Civ.R. 19.1. Therefore, the court only needed to view the pleadings contained in the record to form a basis for its ruling on the motion.
The Stevensons next assert the court failed to follow the specific procedures outlined in Civ.R. 19.
Civ.R. 19 provides in part:
 A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). * * *. (Emphasis added.)
Further, in Plumbers Steamfitters Local Union 83 v. Union Local School District Bd. Of Education (1999), 86 Ohio St.3d 318, the court stated:
 Under the Civil Rules, the absence of a necessary party alone would not justify the dismissal of an action. Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) * * * or that leave to amend the complaint be granted. Moreover, Civ.R. 21 * * * allows parties to be added or dropped at any stage of the proceeding, as justice requires. (Citations omitted.) State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 81, 537 N.E.2d 641, 645.
Therefore, in accord with Civ.R. 19(A) and Plumbers, the court should have ordered the Stevensons to join any other property owner with an interest instead of dismissing their complaint. Even if the Stevensons had not been aware at the time who those other property owners were, the court had been put on notice by the Smaydas that the chain of title contained defects. Accordingly, we conclude the court erred in granting the motion to dismiss and we remand the matter so that the court can order the joinder of necessary and/or indispensable parties to this action.
Judgment reversed.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.