{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a summary journal entry.
 {¶ 2} Plaintiff-appellant Allied Holdings, Inc. appeals the Logan County Court of Common Pleas' decision to grant defendant-appellee Steven L. Meade's motion to dismiss for lack of subject-matter jurisdiction. For the reasons that follow, we affirm.
 {¶ 3} Allied is a self-insured employer under Ohio's workers' compensation system. Meade, an Allied employee, injured his right arm while he was at work in February, 2003, and filed a workers' compensation claim with the Industrial Commission of Ohio. The Industrial Commission permitted Meade to participate in the workers' compensation system.
 {¶ 4} Between February 2003 and February 2004, Allied paid Meade $34,608 in temporary total disability compensation. Surveillance showed, however, that Meade worked at a family-owned pizza business during the same time.
 {¶ 5} Allied subsequently asked the Industrial Commission to declare that Allied overpaid Meade because Meade had obtained income from the pizza business. The Industrial Commission determined Meade engaged in "remunerative work activity" between May 2003 and February 2004, and declared that Allied overpaid Meade $24,470.29. Shortly thereafter, Allied was reimbursed by the workers' compensation self-insured surplus fund.
 {¶ 6} Several months later, Allied asked the Industrial Commission to declare that Meade committed fraud when he requested and received workers' compensation benefits. Following extensive proceedings, the Industrial Commission determined that Meade did not commit fraud because he lacked the necessary intent.
 {¶ 7} Despite the Industrial Commission's determination, Allied filed a separate action against Meade in the Logan County Court of Common Pleas. In its complaint, Allied alleged fraud, fraudulent concealment, misrepresentation, collection of debt, and unjust enrichment. Each claim was based on Meade's allegedly fraudulent request for and receipt of workers' compensation benefits.
 {¶ 8} Meade moved to dismiss the complaint because the trial court lacked subject-matter jurisdiction to hear the separate action. The trial court agreed, and it dismissed the complaint. In doing so, the trial court found "the [I]ndustrial [C]omission [had] exclusive jurisdiction over the issues raised in the complaint" and "the only way [the trial court] would acquire jurisdiction would be through an administrative appeal."
 {¶ 9} Allied appeals the trial court's decision to dismiss the complaint and sets forth three assignments of error for our review. For purposes of clarity, we combine Allied's first, second, and third assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred by granting Defendant's motion to dismiss on the basis of lack of subject matter jurisdiction because Ohio statutes and rules do not specifically limit an employer's rights to pursue common law actions for fraud against an employee.
 ASSIGNMENT OF ERROR NO. II The trial court erred by finding it did not have jurisdiction over common law causes of action, including fraud, collection of debt, fraudulent concealment, misrepresentation, and unjust enrichment, alleged by Plaintiff, which are cognizable and independent based on Defendant's request for receipt of temporary total disability compensation during the period he was found to be working at his co-owned pizza business.
 ASSIGNMENT OF ERROR NO. III This Court's prior decision that the Industrial Commission has exclusive jurisdiction over issues of fraud should be reversed, as Ohio statutes and rules do not provide the Industrial Commission with exclusive jurisdiction to find fraud.
 {¶ 10} In its assignments of error, Allied argues that the trial court had subject-matter jurisdiction to hear the separate action for fraud, fraudulent concealment, misrepresentation, collection of debt, and unjust enrichment because R.C. 4123.511(J)(4) does not expressly provide that the Industrial Commission is the exclusive forum in which a self-insured employer can claim an employee fraudulently obtained workers' compensation benefits. Allied also argues that Cathey v.Cassens Trans. Co. (Feb. 4, 2000), 3d Dist. No. 14-99-35, which holds a trial court does not have such jurisdiction, was wrongly decided and urges this court to overrule it.
 {¶ 11} A trial court's decision to grant a motion to dismiss for lack of subject-matter jurisdiction is reviewed de novo. State ex rel. Bushv. Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. As such, we must determine whether Allied alleged a cause of action that the trial court had authority to decide. Id. {¶ 12} The statute at issue in this case, R.C. 4123.511(J)(4), provides:
 (J) Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, * * * the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
 * * *
 (4) If, pursuant to an appeal under section 4123.512 of the Revised Code, the court of appeals of the supreme court reverses the allowance, then no amount of any compensation will be withheld.
 The administrator and self-insuring employers are not subject to, but may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud as determined by the administrator or industrial commission.
(Emphasis added.)
 {¶ 13} In Cathey, an employee filed an intentional tort action against his employer in a court of common pleas. Cathey at *2. The employer counterclaimed that the employee fraudulently obtained workers' compensation benefits. Id. On appeal, this court held that the court of common pleas lacked subject-matter jurisdiction to hear the counterclaim. Id. at *7. To support its holding, this court noted, among other things, that R.C. 4123.511(J)(4) required either the Bureau of Workers' Compensation Administrator or the Industrial Commission to find fraud before an employer could proceed directly against an employee to recover overpaid workers' compensation benefits. Id.
 {¶ 14} Under the doctrine of stare decisis, we may not overrule this court's decision in Cathey unless "(1) the decision was wrongly decided at [the] time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 48.
 {¶ 15} Although R.C. 4123.511(J)(4) does not expressly provide that the Industrial Commission is the exclusive forum in which a self-insured employer can claim an employee fraudulently obtained workers' compensation benefits, that does not mean, as Allied contends, that the trial court had subject-matter jurisdiction to hear the claims at issue.
 {¶ 16} Following the adoption of Article II, Section 35, of the Ohio Constitution, compensation for workplace injuries has existed according to a comprehensive and compulsory statutory system. See 4123.01 et seq.;Village v. Gen. Motors Corp., G.M.A.D. (1984), 15 Ohio St.3d 129, 131,15 OBR 279, 472 N.E.2d 1079. It has been held that this system created the exclusive remedy and procedure for obtaining compensation for workplace injuries. See, generally, Gillman v. Ross (C.P. 1971),30 Ohio Misc. 34, 57 O.O.2d 281, 59 O.O.2d 36, 277 N.E.2d 256; Harrison v.Scanlon (1958), 79 Ohio Law Abs. 189, 147 N.E.2d 135; see, also,Felty v. AT T Tech., Inc. (1992), 65 Ohio St.3d 234, 238,602 N.E.2d 1141 (discussing the goal of creating a workers' compensation system that operates largely outside of the courts).
 {¶ 17} Because the authority for workers' compensation arises from the Ohio Constitution and statutes enacted pursuant thereto, the benefits, and the procedures to administer those benefits, also derive from the text of the workers' compensation statutes.
 {¶ 18} The clear language of the statute at issue in the case before us authorizes the use of the statutory repayment schedule or "any other lawful means" only when the payment at issue was "due to fraud as determined by the administrator or industrial commission."[1] Because the Industrial Commission did not find fraud, Allied was not statutorily authorized to pursue recovery by the "other lawful means" of a separate action in the trial court for common law causes of action.
 {¶ 19} Allied did not present, nor have we found, any other statutory authority which provides the trial court with subject-matter jurisdiction in this case.
 {¶ 20} Based on our analysis as set forth above, we find that the trial court did not have subject-matter jurisdiction to hear the separate action for common law causes of action and that Cathey was not wrongly decided. Accordingly, Allied's first, second, and third assignments of error are overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] In the case sub judice, it is the Industrial Commission's finding that is in issue because the matter was administratively before the Industrial Commission rather than the Bureau of Workers' Compensation Administrator.