# FEDERAL KNITTING MILLS LTD.

v.

## HARPER.

2010-Ohio-3182.]

Cleveland Municipal Court.

No. 2008 CVF 23389.

Decided Jan. 28, 2010.

James K. Roosa, for plaintiff.

Mark S. Shearer, for defendant.

EMANUELLA GROVES, Judge.

{¶ 1} On September 24, 2007, defendant, Christopher Harper, executed a lease guaranty involving a tenant, John C. Harper Jr., and plaintiff, Federal Knitting Mills Ltd. On or about July 30, 2008, plaintiff received a judgment against the tenant in the Cleveland Housing Court in the amount of $5,236.54 for nonpayment of rent. The housing court complaint did not include defendant as a party. On September 16, 2008, plaintiff filed a complaint against defendant to recover the judgment ordered by the Cleveland Housing Court. Plaintiff alleges liability pursuant to the lease guaranty. However, plaintiff failed to include defendant in the rent-collection case filed in the Cleveland Housing Court.

{¶ 2} On October 15, 2008, defendant filed a motion to dismiss due to plaintiff's failure to comply with Civ.R. 19(A), which states:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action

and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee.

Plaintiff's response to defendant's motion is that defendant waived his right to receive any notice of tenant's nonpayment. Plaintiff argues that defendant had no right to participate in the underlying rent-collection case.

{¶ 3} On June 12, 2009, defendant filed a supplement to his motion to dismiss. The supplement argues the case should be dismissed due to res judicata or violation of due process. Plaintiff's response to the supplemental motion is the reassertion of defendant's liability through the lease guaranty.

{¶ 4} This court finds that defendant's reliance on Civ.R. 19(A) is misplaced and that plaintiff's reply is nonresponsive. First, Civ.R. 19(A) sets forth those parties who should be joined for "just adjudication." A joinder of parties is not always mandatory. Second, when a joinder is required, failure to join will not necessarily result in dismissal.

{¶ 5} Ohio courts have rejected the harsh result of dismissing an action because an indispensable party was not joined.[1] The appropriate response to failure to join is granting leave to amend the complaint.[2] For example, in a situation in which two or more parties are joint obligees to a promissory note, a motion to join would be appropriate.[3] Co-obligees are jointly responsible. However, the matter would not be dismissed just because the co-obligee was not joined.

{¶ 6} In this case, a joinder was not required in the rent-collection case because there was no indispensable party. A guarantor is not the same as a co-obligee. A guarantor is a person who commits to be answerable for the payment of another person's debt, while the debtor also remains liable to pay.[4] The liabilities of a guarantor and creditor are not joint obligations. It has long been established that a guarantor and debtor may be sued jointly or severally.[5]

---

1. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641; *Kesselring Ford, Inc. v. Cann* (1980), 68 Ohio App.2d 131, 133–134, 22 O.O.3d 162, 427 N.E.2d 785.

2. *Kesselring*; *Harrier v. Crow* (Dec. 6, 1985), Montgomery App. No. CA 8900, at *6.

3. *Dublin Transp., Inc. v. Goebel* (1999), 133 Ohio App.3d 272, 727 N.E.2d 938, discretionary appeal not allowed, 86 Ohio St.3d 1443, 713 N.E.2d 1052.

4. *Metro. Cas. Ins. Co. v. Soucy* (App.1934), 16 Ohio Law Abs. 538, 1934 WL 1659.

5. *Deming v. Bd. of Trustees* (1876), 31 Ohio St. 41, 1876 WL 228.

Consequently, parties to a guaranty agreement are not indispensable parties and are not required to be joined.

■  {¶ 7} Defendant also raises the affirmative defense of res judicata.  The doctrine of res judicata operates to preclude relitigation of the same issue between the same parties adjudicated by a court of competent jurisdiction.[6]  The doctrine of res judicata is inapplicable where different issues and parties are involved.[7]  If the tenant and defendant were required to have been joined in the rent-collection case, then the defense of res judicata would be appropriate.  However, it has already been established that a joinder was not required, and defendant was not a party in the rent-collection case.  Therefore, the affirmative defense of res judicata is inapplicable and is hereby rejected.

■  {¶ 8} Finally, defendant argues that to hold the prior judgment against him would be a violation of his right to due process.  Well-established principles for due process of law include the essential elements of notice and hearing through the judicial process.[8]  In the present case, plaintiff secured a judgment and did not include defendant in the process.  By not including defendant in the rent-collection case, plaintiff denied defendant an opportunity to participate in the process.  Prior to a judgment's being rendered against an individual, the individual has a right to notice and hearing.

■  {¶ 9} However, due process rights to notice and hearing prior to civil judgment are subject to waiver.[9]  Plaintiff argues that defendant is bound by the judgment of the Cleveland Housing Court because the right to notice and hearing were waived in the contract.  The waiver language in the contract between plaintiff and defendant states, "Guarantor expressly waives the right to recover any notices of tenant's nonpayment or conditions of the lease."  Plaintiff argues that the waiver of notice extends beyond any notice of nonpayment to any notice of litigation.  The court finds that the language in the contract is clear and the waiver extends only to notice regarding nonpayment and conditions of the lease.

---

6.  *State ex rel. Kroger Co. v. Indus. Comm.* (1998), 80 Ohio St.3d 649, 687 N.E.2d 768.

7.  *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 520 N.E.2d 193.

8.  *BMW of N. Am., Inc. v. Gore* (1996), 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809; *United States v. James Daniel Good Real Property* (1993), 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490; *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494; *Boddie v. Connecticut* (1971), 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113.

9.  *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.* (1972), 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124, citing *Natl. Equip. Rental, Ltd., v. Szukhent* (1964), 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354.

The notice regarding a court proceeding is totally different and separate from notices in a lease.

{¶ 10} It has long been established that where contract terms are clear, the court presumes that the intent of the parties is within the words of the agreement. No intendments or implications may be considered that are inconsistent with the express provisions of the contract.[10] Certainly, plaintiff's claim that defendant's waiver of notice extends to legal proceedings is a stretch beyond the express intent of the parties as reflected by the contract.

{¶ 11} Consequently, this court finds that defendant did not wave his right to notice and hearing, and the judgment for the Cleveland Housing Court cannot be imposed upon defendant without due process of law. Therefore, defendant's motion to dismiss this action to collect upon the rent collection judgment is granted.

So ordered.

---

10. *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393.