[Cite as *Pyles v. Mullen*, 2012-Ohio-2238.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DONNA L. PYLES

    Appellant

    v.

GARLAN CHARLES MULLEN, et al.

    Appellees

C.A. No.      11CA010101

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV166276

DECISION AND JOURNAL ENTRY

Dated: May 21, 2012

---

WHITMORE, Presiding Judge.

{¶1}    Plaintiff-Appellant, Donna Pyles, appeals from the judgment of the Lorain County Court of Common Pleas, dismissing her complaint for lack of jurisdiction. This Court reverses.

I

{¶2}    Pyles obtained a $12,000 money judgment against Defendant-Appellee, Garlan Mullins, in Cuyahoga County. After Pyles received her judgment, Mullins deeded real property he owned in Lorain to Defendant-Appellees, Simon and Bridget Yoder ("the Yoders"). Pyles brought suit against Mullins and the Yoders in the Lorain County Court of Common Pleas, requesting that the court set aside the conveyance to the Yoders. Pyles alleged that Mullins fraudulently conveyed his property to the Yoders to protect it from the judgment against him and that the Yoders were aware of Mullins' fraudulent purpose.

{¶3}    On August 16, 2011, the trial court issued a journal entry in which it questioned its jurisdiction to hear the case. The court ordered Pyles to file a brief in support of jurisdiction

as it was unclear whether Pyles had named the proper landowner in her complaint. Pyles filed her brief in accordance with the court's order, and the Yoders filed a reply. On October 11, 2011, the trial court dismissed the complaint without prejudice for lack of jurisdiction.

{¶4} Pyles now appeals from the trial court's dismissal and raises two assignments of error for our review. For ease of analysis, we combine the two assignments of error.

II

### Assignment of Error Number One

THE TRIAL COURT IMPROPERLY DISMISSED THE COMPLAINT DUE TO "LACK OF JURISDICTION" WITHOUT ANY EVIDENCE PROPERLY BEFORE THE COURT.

### Assignment of Error Number Two

IF THE TRIAL COURT HAD MADE A FINDING THAT THE APPELLANT DID NOT HAVE A NECESSARY PARTY INVOLVED IN THE CASE, DISMISSAL IS NOT THE PROPER REMEDY.

{¶5} In her assignments of error, Pyles argues that the trial court erred by dismissing her complaint for lack of jurisdiction. We agree.

{¶6} Jurisdiction is a question of law, which this Court reviews de novo. *Servpro v. Kinney*, 9th Dist. No. 24969, 2010-Ohio-3494, ¶ 11. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} Civ.R. 19 provides for the joinder of indispensable parties. "An 'indispensable' party is one who is needed for just adjudication, but 'cannot be made a party' causing the court to determine, 'in equity and good conscience[,]' that 'the action should * * * be dismissed[.]'" *Akron v. Harris*, 9th Dist. No. 25993, 2012-Ohio-1713, ¶ 6, quoting Civ.R. 19(B). Civ.R. 19 contains several factors a court must apply to determine whether joinder is feasible and, if it is

not, whether a suit can proceed absent the joinder. *IndyMac Fed. Bank, FSB v. OTM Invests., Inc.*, 9th Dist. No. 10CA0056-M, 2011-Ohio-3742, ¶ 12-13. "[D]ismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 81 (1989).

{¶8} The trial court dismissed Pyles' complaint on the basis that Pyles "sued the wrong parties." Because the trial court dismissed this case at the pleading stage and did not elaborate further in its judgment entry of dismissal, the record contains little information. One can surmise from the responses that Pyles and the Yoders filed after the court raised the jurisdictional question, however, that the real property at issue no longer belonged to the Yoders. Pyles asserted in her brief in support of jurisdiction that the Yoders "purportedly transferred the subject property to an entity called Otis Properties, LLC," and that the Yoders owned that entity. The Yoders replied that they would not oppose the joinder of Otis Properties, LLC, but that no one had sought to join the entity.

{¶9} The trial court did not conduct any analysis in its judgment entry. It did not apply any of the factors set forth in Civ.R. 19 or state that joinder was not feasible. The court's failure to do so is particularly troubling in light of the allegation that the Yoders are the owners of Otis Properties, LLC and the Yoders did not oppose the joinder of the entity. The court could have ordered that Otis Properties, LLC be joined or granted Pyles leave to amend her complaint. *Spurlock*, 42 Ohio St.3d at 81. As set forth above, dismissal is a severe remedy to be employed only where a defect in joinder cannot be cured. *Id.* The record does not contain any indication that Pyles could not have cured the defect here. Consequently, the trial court erred by dismissing her complaint. Upon remand, the trial court must determine whether joinder is feasible. Pyles' assignments of error are sustained on that basis.

III

{¶10} Pyles' assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
BETH WHITMORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

THOMAS L. MASON, Attorney at Law, for Appellant.

JON D. CLARK, Attorney at Law, for Appellee.