**BP AMERICA, INC., Appellant,**

v.

**AVON CITY COUNCIL, Appellee.**

[Cite as *BP Am., Inc. v. Avon City Council* (2001), 142 Ohio App.3d 38.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007563.

Decided March 28, 2001.

*Anthony J. Coyne* and *Bradford J. Patrick,* for appellant.

*Daniel P. Stringer,* Avon Law Director, for appellee.

---

CARR, Judge.

Appellant BP America, Inc. ("BP") has appealed a judgment of the Lorain County Court of Common Pleas that upheld the denial of BP's rezoning petition. This court affirms.

I

In 1992, the city of Avon adopted a master plan that set forth the city's official policy regarding its future growth and development, including land use. The city also established a zoning code, identifying land uses for commercial, industrial, and residential development.

Realizing dramatic growth in the city's population, in 1993, an ordinance was passed to preserve the city's central district, limiting development to residential and small retail and business establishments. This central district was designated as the French Creek District.

Section 1287.04 of the Codified Ordinances for the French Creek District prohibits any and all uses within the French Creek District that are prohibited within the zoned use in the district. The zoned use within the French Creek District consists solely of residential and general business development. Residential zoned parcels are categorized as R–1, R–2, and R–3, and general business districts are identified as C–2. Neither residential nor general business districts permit gasoline service stations. In fact, general business districts, C–2 districts, expressly prohibit such construction.

BP entered into a right to purchase three parcels of land located in the French Creek District, subject to the city's rezoning of the parcels. Two of the parcels are zoned as C–2 districts, and the other is zoned as an R–2 district. In 1998, BP filed an application to rezone each of the three parcels as C–4 "Motorists Service Districts," in connection with BP's plan to construct a gas station that would contain a car wash and an express convenience store, in addition to gasoline pumps and a canopy.

The Avon Planning Commission reviewed BP's proposal, and, by a majority vote, recommended that BP's rezoning request be granted. After both a public hearing and an open meeting on the matter, Avon City Council unanimously decided to deny BP's petition to rezone the parcels.

BP filed an administrative appeal pursuant to R.C. Chapter 2506, and a declaratory judgment action requesting a declaration that the current zoning ordinance as applied to BP's proposed use of the parcels is arbitrary, capricious, unreasonable, and unrelated to the public health, safety, welfare, and morals. The trial court consolidated the actions, held an evidentiary hearing, and heard oral arguments. The trial court declared that the ordinance was not unconstitutional as applied and concluded that Avon's current zoning regulation is reasonable and bears a substantial relationship to the public health, safety, and general welfare. The court also determined that city council's decision to deny the rezoning was supported by a preponderance of substantial, reliable, and probative evidence.

BP has timely appealed and has asserted one assignment of error.

## II

"The lower court erred in holding that the decision of the council of the city of Avon was not arbitrary, capricious, discriminatory, unconstitutional, unreasonable or illegal."

In its sole assignment of error, BP asserts that the common pleas court erred in finding the city's current zoning regulations constitutional and in upholding council's decision to deny BP's rezoning request. This court disagrees.

As previously discussed, after council denied BP's rezoning petition, BP filed an administrative appeal pursuant to R.C. Chapter 2506 and a declaratory judgment action in an attempt to have the city's current zoning ordinance declared unconstitutional as applied to BP. The trial court consolidated the actions and ruled on both, finding:

"[T]he decision of the Council of the City of Avon denying BP America Inc.'s rezoning plan is reasonable and bears a substantial relationship to the public health, safety and general welfare. The current zoning regulation is presumed constitutional and this court finds that it is constitutionally valid. Further, council's decision is supported by substantial, reliable and probative evidence. Therefore, the decision to deny appellant's rezoning plan is affirmed."

BP has appealed the trial court's decision as to the declaratory judgment action as well as the lower court's affirmance of BP's R.C. Chapter 2506 administrative appeal.

██ This court finds that the trial court was without authority to address BP's administrative appeal. The Tenth District has explained why such an appeal may not lie:

"'When a person makes a request to a city council to rezone property, this is a request for legislative action and the action of the city council in rezoning property may not be attacked in an appeal under R.C. Chapter 2506.' However, a decision by a political subdivision as to whether to grant a variance 'is made in a judicial capacity and is thus appealable.'" (Citations omitted.) *Branham v. Robinson* (Sept. 29, 2000), Franklin App. No. 00AP–343, unreported, 2000 WL 1455300.

Accordingly, this court will not address the administrative appeal.

In considering the evidence with respect to the declaratory judgment, this court begins with the premise that all zoning ordinances are presumed constitutional. *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 583–584, 653 N.E.2d 639, 641–643. However, a zoning ordinance will be struck down if a party challenging the ordinance proves, beyond fair debate, that the ordinance is "arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 214, 690 N.E.2d 510, 515.

BP avers that the ordinances are unconstitutional because they fail to substantially advance a legitimate governmental interest. BP argues "that the overall constitutionality of the [c]ity's zoning ordinances as applied to BP's parcels constitutes an invalid prohibition of BP's specified uses." In support, BP asserts that the parcels, taken together, are perfectly suited for a C–4 district "simply by virtue of their location in the immediate vicinity of Interstate 90 and Highway 83." Because C–4 districts were established to "[p]rovide districts on major roads in the immediate vicinity of freeway interchanges to serve the needs of the motoring public[,]" BP believes that it should be permitted to construct its gasoline service station. BP further asserts that "unless the R–2 parcel is assembled with the two C–2 parcels, development of all the parcels is unlikely for any economic return."

The city argues that the zoning ordinances advance the legitimate governmental health, safety, and welfare concerns by, *inter alia,* maintaining the appearance and character of the French Creek District and by minimizing traffic congestion. The city presented evidence that showed that the French Creek District was established to preserve the city's central district as a blend of residential and small retail and business establishments, because the area's historically rural atmosphere was quickly vanishing. Section 1287.01 of the Codified Ordinances for the French Creek District states that the purposes of the French Creek District are to:

"(a) Maintain and enhance the distinctive character of a designated District to safeguard the heritage of the City; to stabilize and improve property values; to make the City more attractive to prospective residents and visitors and to secure the same as a support and stimulus to business and to industry in the community; and to strengthen the economy of the City.

"(b) Maintain and further enhance the FCD identity through architectural unity, streetscape and citizen review of any improvements in the District.

"(c) Provide for relief from certain zoning regulations as necessary to achieve the aforementioned goals. (Ord. 112–93. Passed 12–27–93.)"

▮ BP has failed to prove beyond fair debate that the zoning regulations are clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community, or that there is no rational relationship between the regulations and their purpose. See *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 545, 706 N.E.2d 323, 332–333 (explaining the state and federal due process standards upon which an enactment may be challenged). The Supreme Court of Ohio has held that "[t]here is a legitimate governmental interest in maintaining the aesthetics of the community and, as such, aesthetic considerations may be taken into account by the legislative body in enacting zoning legislation." (Citation omitted.) *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966, paragraph two of the syllabus. Accordingly, this court finds that the trial court did not err in finding the provisions constitutional.

BP's sole assignment of error is overruled.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.