EDWARD KANCLER, Attorney at Law, 200 Public Square, 2300 BP Tower, Cleveland, Ohio 44114, for Appellant.
ABRAHAM CANTOR, Attorney at Law, Johnnycake Commons, 9930 Johncake Ridge Road, Suite 4F, Concord, Ohio 44060, for Appellee.
THOMAS M. MANGAN, Attorney at Law, Lorain County Administration Building, 226 Middle Avenue, 3rd Floor, Elyria, Ohio 44035.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas Eschtruth, appeals from the decision of the Lorain County Court of Common Pleas. We reverse.
 I.
{¶ 2} Mr. Eschtruth owns two parcels of property in Amherst Township, both located on Middle Ridge Road. Both properties are zoned Residential/Agricultural. The first property is adjacent to property owned by Edward Gargasz and Wanda Gargasz (hereinafter "the Gargaszes"). The second property is not adjacent to either the first property or the Gargaszes' property.
{¶ 3} In 2000, Amherst Township rezoned the Gargaszes' property from Residential/Agricultural to Light Industrial. On September 20, 2001, Mr. Eschtruth filed a complaint for declaratory judgment and injunctive relief against Amherst Township, as well as Dennis Abraham, Ronald Leoni, and David Urig (collectively referred to as "the Trustees") in their individual and representative capacities as township trustees. In his complaint for declaratory judgment, Mr. Eschtruth alleged that the Trustees wrongfully rezoned the Gargaszes' property from Residential/Agricultural to Light Industrial. Mr. Eschtruth further alleged that the Gargaszes' use of the property did not comply with the Light Industrial zoning and that these violations that resulted in damage to Mr. Eschtruth's property and interfered with the use of his property. Mr. Eschtruth also alleged that the Trustees improperly refused to rezone his second parcel of property from Residential/Agricultural to Light Industrial.
{¶ 4} Amherst Township and the Trustees filed a motion for summary judgment. The trial court granted the motion for summary judgment and dismissed the case based on the following findings: (1) the Trustees have no personal liability; (2) Mr. Eschtruth did not file appeals from the zoning decisions which rezoned the Gargaszes' property and did not rezone his property; and (3) Mr. Eschtruth failed to include the Gargaszes as a necessary party to the complaint.
{¶ 5} It is from this decision that Mr. Eschtruth appeals. Mr. Eschtruth asserts five assignments of error. We will address the third and fourth assignments of error together because Mr. Eschtruth has argued them jointly.
 II. First Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING APPELLANT'S DECLARATORY JUDGMENT ACTION BECAUSE A NECESSARY PARTY WAS NOT NAMED, IN THAT THE LAW REQUIRES THE TRIAL COURT TO GRANT LEAVE TO AMEND PLEADINGS WHEN RULING THAT A NECESSARY PARTY HAS NOT BEEN NAMED, SO THAT THE NECESSARY PARTY CAN BE BROUGHT INTO THE CASE."
{¶ 6} In his first assignment of error, Mr. Eschtruth asserts that the trial court erred in granting Amherst Township and the Trustees' motion for summary judgment based upon failure to name a necessary party. We agree.
{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
{¶ 8} Appellate review of a trial court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
{¶ 9} R.C. 2721.12(A) requires that, for declaratory relief, "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." To be a necessary party, the property owner must have a legal interest in the outcome of the case. Driscoll v. Austintown Assoc. (1975),42 Ohio St.2d 263, 273. As owners of one of the properties in dispute, the Gargaszes have a legal interest that would be affected by the declaration.
{¶ 10} In the present case, it is undisputed that the Gargaszes were not parties. The absence of a necessary party constitutes a jurisdictional defect which precludes the trial court from rendering a declaratory judgment. Cincinnati v. Whitman (1975), 44 Ohio St.2d 58, paragraph one of the syllabus. In State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 81, the Ohio Supreme Court discussed the issue of failure to join a necessary party as follows:
 "Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party to be joined pursuant to Civ.R. 19(A) (joinder if feasible), *** or that leave to amend the complaint be granted." (Citations omitted.) See, also, Plumbers Steamfitters Local Union 83 v. Union Local School District Bd. of Edn. (1999), 86 Ohio St.3d 318, 321.
{¶ 11} The Ohio Supreme Court further held that "dismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured." State ex rel. Bush, 42 Ohio St.3d at 81. In the present case, there is no indication that the failure to name the Gargaszes as a party could not be cured. Therefore, the trial court should have ordered Mr. Eschtruth to join the Gargaszes instead of granting summary judgment. See Stevenson v. Smayda (2001), 8th Dist. No. 78602.
{¶ 12} In addition, while the Gargaszes are necessary parties to the complaint with regard to their property, they are not necessary parties with regard to the denial of Mr. Eschtruth's petition for rezoning.
{¶ 13} The trial court erred in citing failure to join a necessary party as a basis for granting Amherst Township's and the Trustees' motion for summary judgment. Mr. Eschtruth's first assignment of error is sustained.
 Second Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING AS A MATTER OF LAW THAT THE INDIVIDUAL TOWNSHIP TRUSTEES INVOLVED HAD INCURRED NO PERSONAL LIABILITY."
{¶ 14} In his second assignment of error, Mr. Eschtruth asserts that the trial court erred in finding that the Trustees incurred no personal liability. During oral argument, Mr. Eschtruth withdrew his claim that the Trustees were individually liable. Therefore, we will not consider this assignment of error. See, generally, Wood v. MBS Polymet,Inc. (Nov. 22, 1996), 6th Dist. No. F-96-004. See, also, generally, Cosicv. Singh, 8th Dist. No. 80366, 2002-Ohio-4085, at ¶ 35.
 Third Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY RULING THAT APPELLANT'S DECLARATORY JUDGMENT ACTION CONTESTING THE TOWNSHIP'S LEGISLATIVE ACT OF DENYING REZONING OF HIS PROPERTY SHOULD HAVE BEEN APPEALED UNDER CHAPTER 2506 OF THE OHIO REVISED CODE BECAUSE THAT DECISION IS CONTRARY TO THE LAW AS DETERMINED BY THE OHIO SUPREME COURT AND THIS HONORABLE COURT IN THAT LEGISLATIVE ACTION IS NOT SUBJECT TO ADMINISTRATIVE APPEAL."
 Fourth Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY RULING THAT APPELLANT'S DECLARATORY JUDGMENT ACTION CONTESTING THE TOWNSHIP'S LEGISLATIVE ACT OF REZONING PROPERTY ADJOINING APPELLANT'S PROPERTY SHOULD HAVE BEEN APPEALED UNDER CHAPTER 2506 OF THE OHIO REVISED CODE, BECAUSE THAT DECISION IS CONTRARY TO THE LAW AS DETERMINED BY THE OHIO SUPREME COURT AND THIS COURT, IN THAT LEGISLATIVE ACTION IS NOT SUBJECT TO ADMINISTRATIVE APPEAL."
{¶ 15} In his third and fourth assignments of error, Mr. Eschtruth asserts that the trial court erred in holding that he was required to pursue administrative appeals from the denial of his request for rezoning and the rezoning of the Gargaszes' property. We agree.
{¶ 16} The standard of review for a trial court's entry of summary judgment is stated under the first assignment of error.
{¶ 17} A request for a city council to rezone property is a request for legislative action and the action of the city council in rezoning property may not be attacked in an appeal under R.C. Chapter 2506. BP America, Inc. v. Council of Avon (2001), 142 Ohio App.3d 38,42. "However, a decision by a political subdivision as to whether to grant a variance `is made in a judicial capacity and is thus appealable.'" Id., quoting Branham v. Robinson (Sept. 29, 2000), 10th Dist. No. 00AP-343.
{¶ 18} As one of the three findings in support of granting the motion for summary judgment, the trial court found that "there was no appeal filed from the zoning decisions which rezoned Gargasz's property and which did not rezone Plaintiff's property." In the present case, Mr. Eschtruth sought a declaratory judgment regarding the rezoning of the Gargaszes' property and the denial of the rezoning of his property. Mr. Eschtruth was not required to file an administrative appeal pursuant to R.C. 2506 from these zoning decisions.
{¶ 19} The trial court erred in using Mr. Eschtruth's failure to appeal from the zoning decisions as a basis for granting Amherst Township's and the Trustees' motion for summary judgment. Mr. Eschtruth's third and fourth assignments of error are sustained.
 Fifth Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT ON GROUNDS NOT SOUGHT BY APPELLEES, WHEN, IN FACT, MATERIAL QUESTIONS OF FACT EXIST REQUIRING THE TRIAL OF THOSE ISSUES."
{¶ 20} In his fifth assignment of error, Mr. Eschtruth avers that the trial court erred by granting summary judgment on alternative grounds than those argued by Amherst Township and the Trustees in their motion. As the first, third, and fourth assignments of error are dispositive of this appeal, We will not address this assignment of error. See App.R. 12(A)(1)(c).
 III.
{¶ 21} Mr. Eschtruth's first, third and fourth assignments of error are sustained. His second assignment of error was waived and his fifth assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
BAIRD, P.J. and WHITMORE, J. CONCUR.